Rory C. Leisinger, Esq. (SBN: 277476)
Leisinger Law, LLP
118 N. Citrus Ave, Suite B
Covina, CA 91723
Tel: 626-290-2868
Email: rory@leisingerlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF CALIFORNIA

TYRUS MAHAFFERY,

    Plaintiff,

  vs.

AFS INTERNATIONAL LLC,

    Defendants.

Case No.:

COMPLAINT

JURY TRIAL REQUESTED

Plaintiff, Tyrus Mahaffery, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against AFS International LLC (hereinafter "AFS" or "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from illegal collections practices in violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA").

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

///

///

1

**PARTIES**

4. Plaintiff is a natural person, who at all relevant times has resided in the in the Hayward, California.

5. Plaintiff is a "consumer" as defined by Cal Civ. Code § 1785.3(b) and 15 U.S.C. § 1692(a).

6. AFS is incorporated under the laws of California with a principal place of business at 2400 Fenton Street, Suite 203, Chula Vista, CA 91914.

7. AFS is a "debt collector" collecting consumer debts as used and defined under 15 U.S.C. § 1692(a) of the FDCPA and Cal Civ. Code § 1788.2.

**FACTUAL STATEMENT**

8. On or about March 20, 2015, Plaintiff received a collection letter from AFS.

9. The alleged debt is derived from transactions of a personal, family, or household nature.

10. Within the March 20 letter, AFS lists as the caption: Roadrunner Intermodel v. Tyrus Mahaffery.

11. Upon information and belief, AFS has used this language to insinuate to Plaintiff that a lawsuit has been initiated against Plaintiff for the underlying debt, or that one will be filed imminently.

12. At the time of the letter, and at present, AFS has never filed suit against Plaintiff.

13. Additionally, upon information and belief, the March 20, 2015 letter was the first dunning letter sent to Plaintiff.

14. Despite this, the letter did not inform the consumer of the required thirty-day language wherein the consumer can dispute the debt.

15. After receiving the letter, Plaintiff called AFS to dispute the debt, and never received any validation.

16. Despite this, Defendant continued to collect on the debt by sending subsequent collection letters.

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT**

17. Plaintiff repeats, realleges, and reasserts the allegations contained in paragraphs 1 through 16 above and incorporates them as if specifically set forth at length herein.

18. Defendant's March 20, 2015 letter was AFS's initial communication with Plaintiff.

2

19. Defendant's letter fails to provide any of the required validation of debts language of 15 U.S.C. § 1692g.

20. By falsely implying that AFS had initiated a lawsuit against Plaintiff, AFS has violated 15 U.S.C. §§ 1692e, e(2), e(10).

21. Further, AFS's threats to initiate suit, despite its lack of intent to do so violates 15 U.S.C. § 1692e(5).

22. As a direct result of Defendant's actions, Plaintiff has been damaged.

WHEREFORE, Plaintiff, Tyrus Mahaffery, requests that this Court enter judgment against AFS International LLC, and on behalf of Plaintiff for the following:

    A. That an order be entered declaring Defendant's actions, as described above, to be in violation of the FDCPA;

    B. That judgment be entered against Defendant for actual damages, pursuant to 15 U.S.C. §1692K(a)(1);

    C. That judgment be entered against Defendant for statutory damages, pursuant to 15 U.S.C. §1692(a)(2)(A) and (B), in the amount of $1,000.

    D. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §1692K(a)(3); and

    E. That the Court grant such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats, realleges, and reasserts the allegations contained in paragraphs 1 through 22 above and incorporates them as if specifically set forth at length herein.

24. As more fully described above, AFS has engaged in numerous violations of the FDCPA.

25. As such, AFS violated Cal. Civ. Code §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*.

///

///

///

3

WHEREFORE, Plaintiff, Tyrus Mahaffery, requests that this Court enter judgment against AFS International LLC, and on behalf of Plaintiff for the following:

A. That an order be entered declaring Defendant's actions, as described above, to be in violation of the RFDCPA;

B. That judgment be entered against Defendant for actual and statutory damages, pursuant to Cal. Civ. Code §1788.30(b);

C. That the Court award costs and reasonable attorneys' fees, pursuant to Cal. Civ Code § 1788.30(c); and

D. That the Court grant such other and further relief as may be just and proper.

Dated: March 15, 2016                                             Respectfully Submitted,

**LEISINGER LAW, LLP**

By: /s/ Rory Leisinger
Rory Leisinger, Esq. (SBN: 277476)
118 N. Citrus Ave, Suite B
Covina, CA 91723
Tel: 626-290-2868
Email: Rory@leisingerlaw.com
Attorneys for Plaintiff
Tyrus Mahaffery

4